U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 2 2016

TONY R. MOORE   CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| RYAN GASPARD,<br>Plaintiff | CIVIL ACTION NO. 16-CV-01071 |
| VERSUS | CHIEF JUDGE DRELL |
| JONES LANG LASALLE<br>AMERICAS INC., ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

This is a civil action brought under Title VII of the Civil Rights Act of 1964 for gender discrimination, hostile work environment, and retaliatory hostile work environment. (Doc. 1). Before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) filed on July 20, 2016.

### Background

Plaintiff's application states that he is presently unemployed, married[1], and has no dependents. Plaintiff states that he is currently receiving VA disability payments of $36,826.80 per year and has received $5,434.00 in unemployment compensation in the past twelve months, for a combined income of $42,260.80. Plaintiff was previously employed by Universal Protection Services until June 26, 2015, where he received a salary of $42,000.00 a year. Plaintiff states he has approximately $500.00 or less in cash or a checking or savings account at all times.

---

[1] Plaintiff's *in forma pauperis* application states that his wife is a Data Analysis Manger who currently earns a salary of $35,000.00 per year. However, Plaintiff additionally states that he is divorcing his wife. The Court will not include in its analysis Mrs. Gaspard's income. See Williams v. Spencer, 455 F.Supp. 205, 209 (D. Md. 1978) ("The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend.")

Although unemployed, Plaintiff lists two significant assets on his application; a 2014 Kia Optima SX Turbo, with a value of $20,000.00-$23,000.00, and a home that was purchased in June 2011 for approximately $165,000.00 and which has been appraised separately three times for approximately $180,000.00-$187,000.00. His monthly expenses, including a home mortgage, auto loan and insurance, credit cards, health insurance, and living expenses total $2,870.00 per month, or $34,440.00 per year. The amount of Plaintiff's combined monthly income is approximately $651.73 more than Plaintiff's combined monthly expenses. Plaintiff additionally lists debts to a credit union and a bank for a home and auto loan, credit card debt, and medical debt.

<u>Discussion</u>

28 U.S.C. § 1915 governs applications for leave to proceed *in forma pauperis.* Subsection (a)(1) states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The district court has discretion to grant or deny a request to proceed *in forma pauperis.* <u>Williams v. Estelle</u>, 681 F.2d 946, 947 (5th Cir. 1982) (citing <u>Green v. Estelle</u>, 649 F.2d 298, 302 (5th Cir. 1981)). A party does not need to be completely

---

[2] The use of the word "prisoner" was an oversight. This paragraph applies to all individuals, not just prisoners. <u>Haynes v. Scott</u>, 116 F.3d 137, 140 (5th Cir. 1997).

destitute in order to proceed *in forma pauperis*. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit which states that the party cannot pay, because of his poverty, and still be able to provide himself and dependents with the necessities of life, is sufficient. Id.

Applying these standards, a monthly income of $3,400.00 with monthly expenses totaling $3,846.00 was found sufficient to deny *in forma pauperis* status, where the plaintiff had a home (valued at $101,000.00), two vehicles (valued at $40,000.00 and $3,000.00, respectively), and $200.00 each in cash and in a bank account. Buckhaulter v. Bank of America Corp., No. 3:14-CV-545, 2014 WL 4370619 (S.D. Ms. Aug. 29, 2014). The court found that the family would not be rendered destitute given the home and vehicle ownership. Id. Additionally, an income of approximately $20,000.00 was sufficient to deny *in forma pauperis* status. Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22 (2nd Cir. 1988); see also Ponder v. Schultz, No. 3:02-CV-1353, 2002 WL 3114054 (N.D. TX. Sept. 20, 2002) (a combined monthly income of $2,876.00 was enough to deny *in forma pauperis* status*). In another case, the plaintiff was denied *in forma pauperis* status, as he had a monthly income of $3,025.00, owned a home and two cars (one of which belonged to his spouse), and had a savings account with $76.00. Plaintiff's only dependent was his spouse. Duran v. Macias-Price, No. 1:07-cv-01209, 2007 WL 2462066 (E.D. Ca. Aug. 27, 2007).

Here, while Plaintiff states he has approximately $500.00 or less in either cash or bank accounts, Plaintiff has two significant assets in his home and his 2014 Kia Optima SX Turbo. Furthermore, although unemployed, Plaintiff receives $36,826.80

3

per year in disability and has received an additional $5,434.00 in the last twelve months through unemployment compensation. Thus, Plaintiff has a yearly total income of $42,260.80 which averages to $3,521.90 a month. This level of income is well over the 2015 poverty guidelines of $11,770.00 for a one-person household.[3]

Plaintiff is not indigent and unable to pay the filing fee or guarantee costs without sacrificing the necessities of life. Plaintiff would not be rendered destitute by paying the filing fees, as Plaintiff has at least two significant assets and a total yearly income that is significantly above the poverty guideline for a one-person household.

<u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) be DENIED, and that Plaintiff BE ORDERED to pay the filing fee within thirty days or face dismissal of the action.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged.   Timely objections will be considered by the District Judge before a final ruling

---

[3] <u>See</u> https://aspe.hhs.gov/2015-poverty-guidelines#guidelines (last accessed July 27, 2016). As noted above, since Plaintiff is in the process of a divorce, this Court will not use his wife's income nor consider her in the calculation for household size.

4

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual finds or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 2nd day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge